

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00566-CR

Joshua Mathew **TALBOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR4058
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: November 30, 2022

APPEAL DISMISSED

The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right to appeal." The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant; therefore, the trial court's certification accurately reflects that appellant's case is a plea bargain case and appellant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted appellant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d).

On October 10, 2022, this court ordered that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing appellant has the right of appeal was made part of the appellate record by November 9, 2022. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed. Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH